IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-42-D
No. 7:16-CV-232-D

| | |
|---|---|
| DONNY DEESE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 17, 2013, pursuant to a written plea agreement, Donny Deese ("Deese") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine (count one) and possession of a firearm in furtherance of a drug trafficking crime and aiding abetting (count two). See [D.E. 1, 91, 97]. On January 17, 2014, the court held Deese's sentencing hearing. See [D.E. 171, 176]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Deese's total offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 months' to life imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Deese to 216 months' imprisonment on count one, and 60 months' imprisonment on count two, consecutive. See id.; [D.E. 176]. Deese did not appeal.

On March 8, 2016, Deese moved (through counsel) for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 242]. Deese's new advisory guideline

range is 292 to 365 months' imprisonment, based on a total offense level of 38 and a criminal history category of III. See Resentencing Report. Deese requests a 175-month sentence on count one, and a 60-month consecutive sentence on count two. See id.; [D.E. 242].

The court has discretion to reduce Deese's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Deese's sentence, the court finds that Deese engaged in serious criminal behavior. See PSR [D.E. 153] ¶¶ 4–12. Moreover, Deese is a violent recidivist and has convictions for possession of marijuana (three counts), assault on a female (two counts), assault by pointing a gun, injury to personal property (two counts), communicating threats, resisting a public officer, trespass, assault with a deadly weapon, and possession of a schedule VI controlled substance. See id. ¶¶ 16–29. Deese also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 31, 42–47. Nonetheless, Deese has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Deese received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Deese's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the

court denies Deese's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

On June 27, 2016, and July 8, 2016, Deese filed motions to vacate under 28 U.S.C. § 2255 and challenged his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 256, 261]. On February 27, 2017, the government moved to dismiss [D.E. 271] and filed a memorandum in support [D.E. 272]. Johnson does not help Deese because Deese was sentenced for possessing a firearm in furtherance of a drug trafficking crime. Thus, Johnson does not undermine Deese's conviction and sentence on count two. See [D.E. 272] 4. Thus, Deese cannot obtain relief under section 2255.

In sum, the court DENIES Deese's motions for reduction of sentence [D.E. 242], GRANTS the government's motion to dismiss [D.E. 271], DISMISSES Deese's motions to vacate [D.E. 256, 261], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 7 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge